# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 24-30434 |
| Austin Matthews | ) |
| | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at *(if blank, to be notified)* :

 Theodore Levin U.S. Courthouse, Room 114, 231 West Lafayette Boulevard, Detroit, MI  48226 
*Place*

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of _____
(See separate Agreement to Assume Custody of the Defendant).

☑ (7) The defendant must:

☑ (a) report, as directed, to:
  ☑ Pretrial Services Agency.
  ☐ Probation Department.

☐ (b) continue or actively seek employment. Provide verification to the supervising officer, as requested.

☐ (c) continue or start an education program and provide monthly verification to the supervising officer.

☐ (d) not apply for or enter into any loan or other credit transaction without the previous written permission of the pretrial services office or supervising officer.

☑ (e) surrender any passport immediately and/or enhanced identification to the supervising officer as directed. _Michigan Enhanced License_

☑ (f) not obtain a passport, enhanced identification or other international travel documents.

☑ (g) abide by the following restrictions on personal association, place of abode, or travel:
  ☐ Travel restricted to the Eastern District of Michigan;
  ☐ Travel restricted to the State of Michigan;
  ☑ Travel restricted to: _continental United States_
  ☐ Unless I have the previous consent of the pretrial services office, supervising officer or the court.

☐ (h) avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to:
  ☐ list to be provided by U.S. Attorney;
  ☐ other persons: _____

☐ (i) obtain medical or mental health treatment as directed by the supervising officer.
  ☐ provide a co-payment for treatment costs as directed by the supervising officer.

☐ (j) for all probation and/or supervised release violations, all conditions in the Judgment Order under docket#_____ will remain in effect.

☐ (k) maintain residence at a residential reentry center as directed by the supervising officer.

☐ (l)  reside at the bond address, and any changes in residence must be pre- approved by the supervising officer.

☐ (m) not possess a firearm, destructive device, or other dangerous weapons. Remove all firearms, destructive devices or other dangerous weapons from bond address and provide verification to the supervising officer within 48 hours of release.

☐ (n)  surrender any Concealed Pistol License (CPL) to the supervising officer within 48 hours of release.

☐ (o)  not use alcohol:
　　☐ at all.
　　☐ excessively.

☐ (p)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Provide documentation of any prescribed medications to the supervising officer and any new medications prescribed by a licensed medical practitioner throughout supervision. Refrain from the use of marijuana which is prohibited by federal law.

☐ (q)  submit to any testing required by the supervising officer to determine whether the defendant/person under supervision is using a prohibited substance. Testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant/offender must not obstruct or attempt to obstruct or tamper with the efficiency and accuracy of any prohibited substance screening or testing.

☐ (r)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

☐ (s)  participate in **one** of the following location restriction programs and comply with requirements as directed:

　　☐ (i)　**Curfew.** You are restricted to your residence every day: from_____to_____, or as directed by the pretrial services office or supervising officer; or

　　☐ (ii)　**Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations;

　　　　☐ **Essential Leave** may be granted to participant as deemed appropriate by the supervising officer.

　　　　☐ **Discretionary Leave** may be granted to participant as deemed appropriate by the supervising officer.

　　☐ (iii)　**Home Incarceration**. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

☐ (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

☐ (t) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

☐ You must pay all or part of the cost of the programs based upon your ability to pay as the pretrial services office or supervising officer determines:
  ☐ (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
  ☐ (ii) Radio Frequency (RF) monitoring;
  ☐ (iii) Global Positioning Satellite (GPS) monitoring;
  ☐ (iv) Voice Recognition monitoring;
  ☐ (v) Remote Alcohol Monitoring;
  ☐ (vi) SmartLINK;

☐ (u) report within 24 hours to the pretrial services office, every contact with law enforcement personnel, including arrests, questioning or traffic stops.

☐ (v) resolve all outstanding warrants as directed by the supervising officer.

☐ (w) comply with all Sex Offender Registration and Notification Act (SORNA) requirements.

☑ (x) Do not maintain or obtain any employment which grants access to U.S. Mail

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

☑ The defendant is ORDERED released after processing.
☐ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: October 9, 2024                          s/David R. Grand
                                               *Judicial Officer's Signature*

                                               David R. Grand, U.S. Magistrate Judge
                                               *Printed name and title*