UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

CASE NO. 24-MJ-30434

v.

AUSTIN MARK MATTHEWS,

      Defendant.

**Stipulation and Proposed Order to Adjourn Preliminary Hearing and to Exclude Time to Indict under the Speedy Trial Act**

1. On October 9, 2024, the defendant appeared for an initial appearance on a complaint charging him with theft and fraud offenses. The defendant was released on bond and the preliminary examination was set for October 30, 2024. The parties are seeking an adjournment of approximately 45 days, October 30, 2024, to from October 30, 2024, to December 16, 2024.

2. The parties stipulate that the amount of time between October 30, 2024, and December 16, 2024, should be excludable from the time in which the government must file an indictment under the Speedy Trial Act, because it will allow additional time for the defense to prepare and provide materials to the government, for the parties to consider and confer on the evidence in the case and defense materials, for the parties to engage in pre-indictment case negotiations which could

resolve all of the issues in the case or narrow the disputed issues, and because the ends of justice served by the adjournment outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7).

3. Moreover, defendant consents to the adjournment, waives the 14-day time period in which to hold the preliminary hearing under Federal Rules of Criminal Procedure 5.1(c), agrees that there is good cause to adjourn the preliminary hearing and the time in which to indict, and consents to extending the time pursuant to Federal Rule of Criminal Procedure 5.1(d).

4. The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties now stipulate to an adjournment of the preliminary hearing until December 16, 2024, at 1:00 PM.

**IT IS SO STIPULATED.**

| | |
|---|---|
| *s/Micah S. Wallace* | *s/Rhonda R. Brazile (With Consent)* |
| Micah S. Wallace | Rhonda R. Brazile |
| Assistant United States Attorney | Federal Defender's Office |
| 211 W. Fort Street, Suite 2001 | 613 Abbott 5th Floor |
| Detroit, MI 48226 | Detroit, MI 48226 |
| Micah.Wallace@usdoj.gov | Rhonda_Brazile@fd.org |
| (313) 226-9591 | 313-967-5850 |

Date: October 25, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                                        CASE NO. 24-MJ-30434

v.

AUSTIN MARK MATTHEWS,

        Defendant.

**Order For Detention and to Adjourn the Preliminary Hearing
and to Exclude Time Under the Speedy Trial Act**

The Court has considered the parties' stipulation to adjourn the preliminary hearing until December 16, 2024, and to exclude the amount of time between October 30, 2024, to December 16, 2024, from the time that the government must return an indictment.

The Court agrees that the amount of time between October 30, 2024 to December 16, 2024, should be excludable from the time in which the government must file an indictment under the Speedy Trial Act, because it will allow additional time for the defense to prepare and provide materials to the government, for the parties to consider and confer on the evidence in the case and defense materials, and for the parties to engage in pre-indictment case negotiations which could resolve all of the issues in the case or narrow the disputed issues, and because the ends of justice

served by the adjournment outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7).

Moreover, defendant has consented to this adjournment and agreed that there is good cause for the adjournment, and the adjournment sought is fairly limited. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

Therefore, after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from October 30, 2024, through December 16, 2024, qualifies as excludable delay under 18 U.S.C. § 3161(h)(7). Specifically, the Court finds that the adjournment will allow time for the defense to provide materials to the government, for the parties to consider and confer on the evidence in the case and defense materials, and for the parties to engage in pre-indictment plea negotiations which could resolve all of the issues in the case or narrow the disputed issues.

**IT IS THEREFORE ORDERED** that the Preliminary Hearing will be adjourned until December 16, 2024, at 1:00 PM; and,

**IT IS FURTHER ORDERED** that the time from October 30, 2024, through December 16, 2024, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

s/Elizabeth A. Stafford  
Honorable Elizabeth Stafford  
United States Magistrate Judge

Entered:10/25/2024

3